UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

WENDALL JERMAINE HALL,

           Plaintiff,

v.                                     Case No. 3:06-cv-126-J-20TEM

OFFICER KNIPP,

           Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff initiated this case by filing a Civil Rights Complaint Form in the United States District Court for the Northern District of Florida. The case was transferred to this Court on February 8, 2006. Before this Court is Plaintiff's First Amended Complaint (Doc. #2), in which he has named Officer Knipp as the only Defendant. Plaintiff claims that Officer Knipp denied him a bed sheet, blanket and clean clothes from September 8, 2004, until January 27, 2005. Plaintiff alleges that, as a result of the denial, he has suffered numerous medical problems. Plaintiff has attached grievances and responses, some of which are illegible. However, it appears that Plaintiff has not sufficiently exhausted the administrative grievance procedures with respect to the issues.

On April 26, 1996, the President signed into law the Prison Litigation Reform Act which amended The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997(e), to read as follows:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997(e). Thus, a district court must dismiss the suit when it finds that the plaintiff inmate has not exhausted his administrative remedies. Chandler v. Crosby, 379 F.3d 1278, 1286 (11th Cir. 2004) (citation omitted).

Further, federal courts have indicated that the penal facility, during the administrative exhaustion process, "may give a statement of its reasons that is helpful to the district court in considering the merits of the claim." Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998) (citations omitted); Chandler, 379 F.3d at 1287 (pointing out that the purpose of administrative exhaustion is to place the facility on notice of the disputed issue and to allow the administrators an opportunity to investigate the issue, to resolve the dispute internally and thus "limit judicial intervention in the management of prisons") (citations omitted).

Thus, because exhaustion is a pre-condition to suit and because the administrative grievance procedures are so important for effectively determining how the penal facility has addressed the issues presented to it, it is extremely necessary and useful for Plaintiff to comply with the procedures as set forth in the instructions to the civil rights complaint form. Plaintiff should note that he is required to fully exhaust his administrative remedies **before** initiating a civil rights case in this Court.

Therefore, for this reason, this case will be dismissed without prejudice to Plaintiff's right to refile <u>after</u> he has completed the exhaustion process with respect the issue(s).[1] Plaintiff has raised an Eighth Amendment cruel and unusual punishment claim that spans the time period from September 8, 2004, through January 27, 2005, and therefore this issue must be properly exhausted. The prison administrators must be given the opportunity to address the issues that Plaintiff raises in this Court. Plaintiff may consider attaching this Order to his grievance as notification to the grievance administrators that Plaintiff has

---

[1] It appears that Plaintiff may have intended to include a First Amendment retaliation claim as well as an Eighth Amendment cruel and unusual punishment claim. Further, it is unclear as to whether Plaintiff intended to raise a medical claim based on a deliberate indifference to any serious medical needs. Any issues raised in this Court must be exhausted in accordance with the prison's administrative grievance procedures. Further, each issue must be exhausted with respect to each Defendant.

been instructed to exhaust the issues prior to seeking relief in this Court.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby dismissed **without prejudice.**

2. The Clerk of the Court shall provide Plaintiff with a civil rights complaint form and an Affidavit of Indigency form.[2]

3. The Clerk of the Court shall enter judgment dismissing this action without prejudice.

4. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 27t day of February, 2006.

_____
UNITED STATES DISTRICT JUDGE

sc 2/27
c:
Wendall Jermaine Hall

---

[2] If Plaintiff chooses to file a civil rights complaint in this Court after exhaustion, he must submit a fully completed civil rights complaint form and he must submit a copy of the form for each Defendant for service of process. He must attach to the form any grievances he filed regarding his claims, and the responses thereto. Additionally, he must *either* pay the $250.00 filing fee *or* file an Affidavit of Indigency. In compliance with Section VII. of the Affidavit of Indigency form, Plaintiff must submit a copy of his prison account statement containing all transactions in his prisoner account for the six (6) months prior to the filing of the Complaint. See Affidavit of Indigency, Section VII. Plaintiff should not place this case number on the forms. The Clerk will assign a separate case number if Plaintiff elects to initiate a new case.